IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-IQ12, ACTING BY AND THROUGH ITS SPECIAL SERVICER, C-III ASSET MANAGEMENT, LLC | § § § § § § § § § | |
| Plaintiff | § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| H POINTE APTS. LP AND NEWPORT PROPERTY APARTMENT VENTURES, LTD. | § § § § | |
| Defendants | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND VERIFIED EMERGENCY APPLICATION FOR APPOINTMENT OF RECEIVER

TO THE HONORABLE COURT:

Plaintiff WELLS FARGO BANK, N.A., AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-IQ12, acting by and through C-III Asset Management LLC, in its capacity as special servicer ("Wells Fargo" or "Plaintiff"), files this its Original Complaint and Verified Emergency Application for Appointment of a Receiver (the "Complaint") against Defendants H Pointe Apts. LP ("Borrower") and NewPort Property Apartment Ventures, Ltd. ("Guarantor"), collectively referred to herein as "Defendants."

**I.**
**NATURE OF RELIEF SOUGHT**

1.      Plaintiff files this breach of contract action and seeks the appointment of a receiver to enter upon and take full control over the Harbor Pointe Apartments, located at 4101 NASA Road One, El Lago, Harris County, Texas 77586 (the "Property").  The Property is Plaintiff's collateral and is in serious disrepair following extensive damage caused by Hurricane Ike that to date has not been repaired.

2.      The Property is need of various emergency repairs and its condition is so dire that on July 26, 2010, the Building Standards Commission of the City of El Lago issued an Order declaring that the stairwells, balconies, and other structures along the marina are substandard and constitute a public nuisance, as a danger to the health and safety of the residents living therein and property located nearby.

3.      In addition, the Borrower defaulted on its loan, which is secured by the Property, and does not have sufficient funds to continue operating the Property and to make payments on the indebtedness.  It is critical that the Court appoint a qualified receiver to take over the management and operations of the Property to preserve and maintain the Property pending foreclosure or other disposition of the Property.

**II.**
**PARTIES**

4.      Plaintiff Wells Fargo Bank, N.A., as Trustee for Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12, is a national banking association and has its main office, as designated in its articles of association, in South Dakota. Accordingly, Plaintiff is a citizen of South Dakota for purposes of diversity jurisdiction.

5.      Defendant **H Pointe Apts. LP** is a Texas limited partnership with its principal place of business in Dallas, Texas.  The citizenship of a partnership is determined by the

2

citizenship of each of its partners. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). The general partner of Defendant H Pointe Apts. LP is H Pointe Apts. GP, LLC, a Texas limited liability company whose sole member is Harbor Pointe Acquisition, Ltd., a Florida limited partnership, whose partners are Harbor Pointe LLC, whose members are upon information and belief, citizens of Florida. The limited partner of Defendant H Pointe Apts. LP is Harbor Pointe Acquisition, Ltd. a Florida limited partnership, whose partners are Harbor Pointe LLC, whose members are upon information and belief, citizens of Florida. Thus, for diversity purposes, upon information and belief, Defendant H Pointe Apts. LP is a citizen of Florida.

6.     Defendant H Pointe Apts. LP may be served with process via its registered agent, Kim L. Lawrence, 5720 LBJ Freeway, Suite 470, Dallas, Texas 75240 or wherever it may be found.

7.     Defendant **NewPort Property Apartment Ventures, Ltd.** is a Florida limited partnership that is registered to do business in Texas but has not designated or maintained a registered agent for service of process in Texas. For purposes of diversity jurisdiction, the citizenship of a partnership is determined by the citizenship of each of its partners. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). The general partner of NewPort Property Apartment Ventures, Ltd. is NewPort Property Apartment Ventures, Inc., who state of incorporation and principal place of business is Florida. The limited partners of NewPort Property Apartment Ventures, Ltd. are upon information and belief, citizens of Florida. Thus, for diversity purposes, Defendant NewPort Property Apartment Ventures, Ltd. is upon information and belief, a citizen of Florida.

8.      As a nonresident partnership doing business in Texas, but without a regular place of business or designated agent for service of process in Texas, whose business gives rise to this lawsuit, Defendant NewPort Property Apartment Ventures, Ltd. may be served with process through the Texas Secretary of State pursuant to Fed. R. Civ. P. 4(h)(1)(A), Fed. R. Civ. P. 4(e)(1), and Tex. Civ. P. & Rem. Code 17.044(b).  The Secretary of State shall then forward a copy of the Complaint and citation by registered or certified mail at the address provided.  TEX. CIV. PRAC. & REM. CODE § 17.044.

### III.
### JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the minimum jurisdictional limits of this Court and the parties are citizens of different states.

10.     Venue is proper in this district pursuant to 28 U.S.C. Section 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred in this District and because the real property securing the loan obligations is situated in this district, in Harris County, Texas.

### IV.
### FACTUAL BACKGROUND

The Promissory Notes

11.     On September 28, 2006, the Borrower executed a Promissory Note in favor of LaSalle Bank National Association, in the original principal amount of NINE MILLION AND 0/100 DOLLARS ($9,000,000.00), a true and correct copy of which is attached as **Exhibit A**, which was Amended and Restated as of October 31, 2006 ("Note A").  A true and correct copy of amended Note A is attached as **Exhibit B**.

4

12.     By virtue of an allonge endorsement, Plaintiff is the current owner and holder of Note A. *See* Allonge, a true and correct copy of which is attached to the final page of Ex. B.

13.     On October 31, 2006, the Borrower executed a Promissory Note in favor of LaSalle Bank National Association, in the original principal amount of FIVE HUNDRED SEVENTY-EIGHT THOUSAND AND 0/100 DOLLARS ($578,000.00) (the "Note B" and collectively with Note A, the "Notes"), a true and correct copy of which is attached as **Exhibit C**. Note B was purchased by CBA-Mezzanine Capital Finance, LLC ("B Note Holder").

14.     By virtue of the provisions of an Intercreditor Agreement among Noteholders dated October 31, 2006 by and between LaSalle Bank National Association, predecessor-in-interest to Plaintiff, and CBA-Mezzanine Capital Finance, LLC, a true and correct copy of which is attached as **Exhibit D**, Plaintiff and C-III Asset Management LLC, in its capacity as special servicer for the Note A, are authorized by the B Note Holder to service Note B and to preserve and protect the collateral securing Note B as Collateral Agent thereunder including bringing this action for the benefit of both the A Note Holder and the B Note Holder.

The Deed of Trust and Security Agreement

15.     Note A is secured by, among other things, a Deed of Trust, Security Agreement and Fixture Filing dated September 28, 2006, recorded in the Official Public Records of Harris County, Texas as Document No. 20060095959, (a true and correct copy of which is attached as **Exhibit E**), which was amended and restated to additionally secure Note B pursuant to an Amended and Restated Deed of Trust, Security Agreement and Fixture Filing dated as of October 31, 2006, and recorded in the Official Public Records of Harris County, Texas as Document No. 20060188485, covering the Property (the "Security Instrument"). A true and correct copy of the amended Security Instrument is attached as **Exhibit F**.

Guaranty

16.     The Notes are also secured by a Guaranty, dated October 31, 2006, in which Newport Property Apartment Ventures, Ltd., guaranteed certain obligations under the Notes and other loan documents (the "Guaranty").  A true and correct copy of the Guaranty is attached as **Exhibit G.**

Assignment of the Security Instrument and Related Loan Documents to Plaintiff

17.     The Security Instrument, Guaranty and related loan documents were assigned by the original lender to Plaintiff pursuant to the Assignment of Deed of Trust, Security Agreement, Fixture Filing and Assignment of Leases and Rents, dated December 21, 2006, as recorded in the Official Public Records of Harris County, Texas as Document No. 20070240049, a true and correct copy of which is attached hereto as **Exhibit H.**

18.     The original lender also executed an Omnibus Assignment in favor of Plaintiff covering all right, title and interest to Note A, in addition to "any other documents or instruments executed and/or delivered in connection with or otherwise related to the Loan."  A true and correct copy of the Omnibus Assignment is attached hereto as **Exhibit I.**

Default & Present Condition of the Property

19.     The Borrower has failed to make the monthly payments due on Note A for the months of February 2010 through the present, and on Note B for the months of November 2008 through present.  As a result of such non-payment, an "Event of Default" has occurred under the Notes and the Security Instrument. *See e.g.,* Ex. B ¶4.1 at p.9, and Ex. D ¶20 at p.27.

20.     Currently, a principal balance of approximately $8,676,000.00 remains outstanding on the original principal loan of $9,000,000.00 under Note A and a principal balance of at least $100,0000.00  remains on the original principal loan of $578,500.00 under Note B.  In addition to the principal balance, default interest, late charges, supplemental charges, servicer

6

administrative fees, insurance amounts and other sums remain outstanding as set forth under the terms of the Notes and related loan documents.

21.     The Borrower has subjected the Property to actual waste, and continued threatened waste, by failing to make many critical and necessary repairs to protect and preserve the Property.  For example, extensive water and wind damage from Hurricane Ike and other weather events has severely damaged the Property.

22.     The extreme disrepair and substandard condition of the Property is confirmed by the City of El Lago's Order, dated July 26, 2010, declaring the Property to have "substandard structures" and declaring it to be a "public nuisance" as defined by City ordinances.  The Order further requires that the stairwells and balconies of the Property, along with other structures, be immediately repaired, vacated, and/or demolished.

23.     A true and correct copy of the Order issued by the Building Standards Commission of the City of El Lago, along with a PowerPoint and photos of the current condition of the Property, presented by City of El Lago Building Official Richard Smith, is attached hereto as **Exhibit J**.

24.     Plaintiff is currently in the process obtaining bids to conduct the necessary immediate repairs for the Property.

25.     Upon information and belief, the Property is approximately 60% (sixty percent) occupied at present.  Thus, it is critical that a receiver be appointed immediately to manage the Property and ensure that the many necessary repairs are made as quickly as possible.

## V.
## BREACH OF CONTRACT

26.     Plaintiff incorporates the foregoing paragraphs as is if fully set forth herein.

7

27.     The Notes, the Security Instrument, the Guaranty, and related loan documents are valid and enforceable contracts.

28.     Plaintiff performed its obligations under the contracts.  The Defendants have breached their obligations under the Notes, the Security Instrument, the Guaranty and related loan documents by failing to pay sums due and owing pursuant to their terms, which constitutes Events of Default under the Notes, the Security Instrument, and related loan documents.  *See e.g.,* Ex. B ¶4.1 at p.9, ¶4.3 at p.10; Ex. D ¶20 at p.27.

29.     Defendants have also breached the contracts by committing actual waste on the Property and failing to make many necessary repairs to adequately preserve and protect the Property. Also, upon information and belief, the Borrower has failed to properly apply insurance proceeds related to the Property.

30.     As a direct and proximate result of Defendants' breach of their contractual obligations, Plaintiff has suffered the following damages: all amounts due and owing under the terms of the Notes, the Security Instrument, the Guaranty and other related loan documents, including but not limited to, the outstanding principal balances, default interest, late charges, supplemental charges, servicer administrative fees, insurance amounts and other sums, and attorneys' fees, costs and expenses.

31.     The Guarantor and Borrower are jointly and severally liable for "all losses, liabilities, damages, costs, expense and claims, including without limitation, reasonable attorneys' fees and expenses to the extent incurred by or suffered by Plaintiff or B Note Holder as a result of "any waste of the Property caused by act(s) or omission(s) of the Borrower." *See* Ex. B ¶11 at p.15-16; Ex. E ¶1.2 at p.2-3.

## VI.
## EMERGENCY APPLICATION FOR APPOINTMENT OF RECEIVER

32.     Pursuant to Rule 66 of the Federal Rules of Civil Procedure and pursuant to the Borrower's contractual consent to the appointment of a receiver, Plaintiff moves the Court to appoint a receiver to take control of, manage and operate the Property.

33.     At this time, Plaintiff intends to pursue foreclosure of the Property as soon as reasonably practicable. Plaintiff seeks the appointment of a receiver pending such foreclosure or other disposition of the property to provide for the orderly transfer of the Property to a purchaser while providing for the uninterrupted care and upkeep of the Property.

Considerations for Appointment of Receiver

34.     Federal courts consider the following factors in appointing receivers under Rule 66 of the Federal Rules of Civil Procedure:[1]

    a.     fraudulent conduct on defendant's part;

    b.     imminent danger of the property being lost, concealed, injured, diminished in value or squandered;

    c.     inadequacy of legal remedies;

    d.     probability that harm to plaintiff by denial of appointment would outweigh injury to parties opposing appointment;

    e.     plaintiff's probable success in the actions and the possibility of irreparable injury to plaintiff's interest in the property; and

    f.     whether plaintiff's interest sought to be protected will in fact be well served by a receiver.

---

[1]   Federal Rule of Civil Procedure 66 provides as follows:

> These rules govern an action in which the appointment of a receiver is sought or a receiver sues or is sued.  But the practice in administering an estate by a receiver or a similar court-appointed officer must accord with the historical practice in federal courts or with a local rule.  An action in which a receiver has been appointed may be dismissed only by court order.

*Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316-317 (8th Cir. 1993); *New York Life Ins. Co. v. Watt West Inv. Corp.*, 755 F. Supp. at 290, 292.  It is well settled that "creditors with a security interest in real property have a well established interest in the property sufficient to support the appointment of a receiver." *Brill & Harrington Invs. v. Vernon S & L Ass'n,* 787 F. Supp. 250, 253 (D.D.C. 1992).

Borrower's Consent to Appointment of a Receiver

35.    Importantly, the Borrower expressly consented to the appointment of a receiver. The Security Instrument executed by the Borrower expressly provides for the appointment of a receiver in the Event of Default.  Specifically, the Security Instrument provides:

> **24. Appointment of Receiver or Mortgagee in Possession.**
>
> (a) If an Event of Default [has] not been cured or waived and is continuing or if Beneficiary shall have accelerated the Indebtedness pursuant to the terms of the Loan Documents, Beneficiary, upon application to a court of competent jurisdiction, shall be entitled as a matter of strict right, without notice, and without regard to the occupancy or value or any security for the Indebtedness, without any showing of fraud or mismanagement on the part of Grantor or the insolvency of any party bound for its payment, without regard to the existence of a declaration that the Indebtedness, or any portion thereof, is immediately due and payable, and without regard the filing of a notice of default, to the appointment of a receiver or the appointment of Beneficiary to take possession of and to operate the Property, and to collect and apply the rents, issues, profits and revenues thereof, and <u>Grantor consents to such appointment</u>.

Ex. D, ¶24 at p.31 (emphasis added).

36.    By executing the Notes and the Security Instrument, the Borrower has expressly consented to the appointment of a receiver pursuant to the Security Instrument. *See Riverside Properties v. Teachers Ins. & Annuity Ass'n of America,* 590 S.W.2d 736, 738 (Tex. Civ. App.— Houston [14th Dist.] 1979, no writ) (provisions in deed of trust and security agreements calling for appointment of a receiver pending foreclosure were adequate for trial court to order

appointment of receiver). *See also U.S. v. Berk & Berk*, 767 F. Supp. 593, 597 (D. Ill. 1991) (contractual right to appointment of a receiver supports court's appointment of a receiver).

Proposed Receiver: Mr. Nick Slaughter

37.     The receiver proposed by the Plaintiff is Mr. James N. (Nick) Slaughter, a Texas resident and experienced receiver and property manager for multi-family units in Texas and other states. *See* **Exhibit K**, Affidavit of James N. Slaughter.

38.     He is currently employed as Property Director of Devonshire Real Estate and Asset Management in Houston and has diverse experience managing multi-family properties, including properties in receivership. *See* Ex. K and attached Devonshire brochure.

39.     Devonshire currently manages over 7,000 multi-family units throughout Texas. *See* Ex. K.

Conclusion

40.     The Security Instrument is in default, and the Plaintiff's primary collateral, Harbor Pointe Apartments, must be protected. It is in the interest of both Plaintiff and the Defendants to obtain proper management so that the Property will be adequately protected and managed.

41.     The Plaintiff requests that Mr. Nick Slaughter be appointed as receiver and given the power to enter upon and take and maintain full control of the Property to the exclusion of the Borrower or its representatives, until such time as the Plaintiff is able to foreclose on the Property or until such further order of this Court.

42.     The Plaintiff further requests that upon the appointment of Mr. Slaughter, the Borrower and its representatives surrender possession of the Property and deliver to Mr. Slaughter all documents, records (including all records on electronic media), accounts, surveys,

plans and specifications relating to the Property and all security deposits and pre-paid and future rents.

43.     The appointment of the receiver as requested herein, is contractually agreed to and consented to by the Borrower by virtue of the Security Instrument, and is necessary to protect the Plaintiff's collateral.

44.     Plaintiff's request for the appointment of a receiver is made without prejudice to Plaintiff's right to exercise a nonjudicial foreclosure or its other remedies as provided for by the Notes, Security Instrument, Guaranty, and other related loan documents.

## VII.
## REQUEST FOR IMMEDIATE HEARING

45.     Any delay in appointing the receiver will further subject the Property to continued disrepair and would expose residents of the Property to undue delay in making necessary emergency repairs and properly managing the Property. Any delay also risks further devaluation of the Plaintiff's Property. Therefore, Plaintiff requests an immediate hearing on its Application for Receiver.

## VIII.
## CONDITIONS PRECEDENT

46.     All conditions precedent to Plaintiff's recovery have occurred or have been performed.

## IX.
## REQUEST FOR WAIVER OF APPLICANT'S BOND AND RECEIVER'S BOND

47.     Plaintiff requests the Court waive or, in the alternative, set its applicant's bond and receiver's bond in nominal amounts, because it is highly unlikely that the appointment of a receiver could be determined later to be wrongful, especially considering the current dire condition of the Property.

48.     Further, Plaintiff is entitled to the appointment of a receiver as the mortgagor because the Defendants have defaulted on their obligations under the Note and Security Instrument and related loan documents.

27.     In addition, the applicant's bond and receiver's bond are intended to cover damages to the Property by the receiver's wrongful appointment.  Since the Borrower has contractually consented to the receiver and has defaulted, the Borrower will have difficulty proving any damages by the receiver's appointment.

28.     Since the likelihood of overturning the appointment of a receiver is highly unlikely, Plaintiff requests that this Court waive the applicant's bond and receiver's bond, or in the alternative, set the bonds at nominal amounts.

## X.
## ATTORNEYS' FEES AND EXPENSES

49.     Plaintiff is entitled to recover its attorneys' fees, costs and expenses pursuant to the terms of the Guaranty, Notes and related loan documents, and as otherwise permitted by law. *See* Ex.  B ¶11 at p.15-16; Ex. E ¶1.2 at p.2-3.

## XI.
## PRAYER

50.     Plaintiff Wells Fargo Bank, N.A., as Trustee for Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12 acting by and through C-III Asset Management LLC respectfully requests that the Defendants H Pointe Apts. LP and NewPort Property Apartment Ventures, Ltd. be cited to appear and answer herein and that, on hearing this application, the Court appoint Mr. Nick Slaughter as receiver of the Harbor Pointe Apartments, located at 4101 NASA Road One, El Lago, Harris County, Texas 77586, with the powers requested herein and in the proposed order.

51.     Plaintiff also requests that upon trial of this cause it recover judgment and relief against Defendants, jointly and severally for the following:

- All amounts due and owing under the Notes, the Guaranty and related loan documents;

- Attorneys' fees, expenses, collection costs and costs of court;

- Pre- and post-judgment interest; and

- Any other relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

WINSTEAD PC

/s/ Yasmin Islam Atasi
Yasmin Islam Atasi
State Bar No. 10435150
Federal ID No. 13119
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002-5895
(713) 650-8400
(713) 650-2400 (Facsimile)

ATTORNEY-IN-CHARGE FOR PLAINTIFF WELLS FARGO BANK, N.A., AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-IQ12 ACTING BY AND THROUGH C-III ASSET MANAGEMENT LLC, ITS SPECIAL SERVICER

OF COUNSEL:
WINSTEAD PC
Emily Herbster
State Bar No. 24065403
Federal ID No. 974804
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002-5895
(713) 650-8400
(713) 650-2400 (Facsimile)

## VERIFICATION

STATE OF TEXAS      §
          §
COUNTY OF DALLAS   §

    Before me the undersigned notary public on this day personally appeared Shelia Collins, as authorized representative of C-III Asset Management LLC, in its capacity as the special servicer for Wells Fargo Bank, N.A., as Trustee for Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12, who, after being duly sworn stated under oath that she has read the foregoing Plaintiff's Original Complaint and Verified Emergency Application for Appointment of Receiver, and that every statement contained therein is true and correct based on her personal knowledge or information obtained from other persons.

            _____
            Sheila Collins

SWORN TO and SUBSCRIBED before me on this 25 day of August, 2010.



            Notary Public in and for the State of Texas

My Commission Expires:

7/30/2013

CYNTHIA CONSOLVER
Notary Public, State of Texas
My Commission Expires
July 30, 2013